IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RITNER NESBITT, and PATRICIA NESBITT, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO._____ |
| vs. | ) ) ) | 1:13-CV-0881 |
| COBB COUNTY, GEORGIA, | ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

COME NOW RITNER NESBITT and PATRICIA NESBITT, Plaintiffs in the above-styled action, and file this Complaint for Declaratory and other relief, respectfully showing the Court as follows:

### INTRODUCTION AND PREAMBLE

1.

This action is brought to correct the action of the Cobb County Board of Commissioners (hereinafter "Board") which refused to follow clearly applicable Federal law in rejecting Plaintiffs' application for a Special Land Use Permit to erect, construct and operate an Amateur Radio tower on their lot in north Cobb County, Georgia. A true and correct copy of Defendants' "Decision" is attached hereto as Exhibit A.

2.

Federal law preempts the County's ordinance as applied to amateur radio and the tower should have been permitted.

3.

The ordinances the County utilized to reject the Permit Application, § 134-273 and § 134-37 of the Cobb County Code of Ordinances, violate Federal law on its face and as applied to Plaintiffs.

## PARTIES

4.

Plaintiffs are husband and wife. They reside at 4955 Burnt Hickory Road, in Kennesaw, Cobb County, Georgia.

5.

Cobb County is a political subdivision of the State of Georgia.

## JURISDICTION AND VENUE

6.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 2201, Fed. R. Civ. P. 57, The Federal Telecommunications Act of 1934 as amended, 47 U.S.C. § 151 *et seq.* and 47 C.F.R § 97.15.

7.

This Court has supplemental jurisdiction over any claim brought under State law.

8.

Venue is proper in this Division of this Court as all events giving rise to this action occurred in Cobb County, the parties all reside within Cobb County, and Cobb County is within the assigned territory of this Division of the Court.

## STATEMENT OF FACTS

9.

Patricia Nesbit holds fee simple title to the property known as 4955 Burnt Hickory Road in Kennesaw, Cobb County, Georgia.

10.

Patricia and Ritner Nesbitt are husband and wife.

11.

Ritner Nesbitt is a licensed amateur radio operator and private, noncommercial amateur (also known as "ham") radio station owner, holding an amateur radio operator license and amateur radio station license with the call letters N4BNM, both issued by the Federal Communications

Commission ("FCC"). A true and correct copy of Mr. Nesbitt's license is attached hereto as Exhibit B.

12.

Mr. Nesbitt decided he needed a taller antenna in order to reach other amateur radio operators in New Zealand and Australia.

13.

He applied to the County for a building permit to construct a 140 foot antenna tower on his property.

14.

County employees told him he would need a special use permit before a building permit would be issued.

15.

After reading the County's ordinance and reasonably believing it to be pre-empted by Federal law, Mr. Nesbitt believed applying for a special use permit would be futile.

16.

Mr. Nesbitt then built his antenna on his property.

17.

In 2012, Cobb County issued a notice of violation related to the 140 foot tower.

18.

Rather than litigate his right to the tower with the Code Enforcement department, Plaintiffs filed an application for a Special Land Use Permit pursuant to Cobb County Ordinances § 134-37 and § 137-234. Section 134-37 is attached hereto as Exhibit C and Section 137-237 is attached hereto as Exhibit D.

19.

Plaintiffs already had on their property two towers that are less than 35 feet in height, and one tower that is 70 feet in height.

20.

Ordinance 134-273 expressly exempts from its application any tower under 35 feet in height. Cobb Ord. § 134-273(1)(b).

21.

In addition, Ordinance 134-273 exempts a single antenna for amateur radio use that is not in excess of 75 feet. Cobb Ord. § 134-273(6)(a).

22.

During the hearings, Plaintiff presented his argument that the County's ordinance is pre-empted as it is related to amateur radio. A true and correct copy of the argument presented is attached hereto as Exhibit E.

23.

In addition, Plaintiffs presented evidence that the antenna tower at a height of 140 feet was necessary to accomplish the goals associated with Mr. Nesbitt's use of his federally granted license. A true and correct copy of that monograph is attached hereto as Exhibit F.

24.

Plaintiffs also presented evidence from the American Radio Relay League that the height of an antenna system is the single most variable aspect of radio and antenna science. A true and correct copy of that monograph is attached hereto as Exhibit G.

25.

On February 18, 2013, the Board adopted a written "Decision" which rejected Plaintiff's application. Exhibit A.

26.

Plaintiffs' property is over 5 acres in area.

27.

The site of the antenna is further from the property line than the antenna is tall. Attached hereto as Exhibit G is a true and correct copy of the survey of the location of the antenna showing its location in relation to the property line that was presented to the Board of Commissioners.

28.

If the antenna and tower were to catastrophically fail, it would fall entirely within the boundary of Plaintiffs' property.

29.

The nearest neighbors to the antenna are down the hill and to the south. Their residence is over 300 (more than twice the height of the antenna) from the tower.

30.

The Board's February 18 "Decision" was a written affirmation of an oral motion made by Commissioner Goreham on December 18, 2012.

31.

In her oral motion, Commissioner Goreham demanded that all antennas on the property (including those over which the County's own ordinance does not claim authority) be removed, thus reinforcing Mr. Nesbitt's original belief that applying for the special land use permit in advance would have been futile.

32.

Both the oral motion and the written "Decision" passed unanimously.

33.

The Board's "Decision" erroneously put the burden of proof on Plaintiff in violation of Federal law.

34.

The Board's "Decision" found "facts" without the introduction of competent evidence to support those supposed "facts."

36.

The Board's motion and written decision relied on Cobb County Ordinance 134-273, entitled "Television, land mobile, communication, microwave and radio transmission antennas and towers over 35 feet in height."

37.

On its face, Cobb Ordinance 134-273 limits amateur radio antennas to 35 feet in height, except that one 70 foot antenna may be erected.

38.

They ordinance on its face and as applied by the Cobb Board of Commissioners limits the heights of private amateur radio antennas which may be erected and maintained within Cobb County.

39.

The decision of the Board failed to reasonably accommodate the amateur radio tower and it did not apply the minimum practical regulation to accomplish the County's legitimate purposes in regulating the height of the structures in the County.

40.

The height limitation contained in the Ordinance and its application by the Board are unreasonable and arbitrary in that they so restrict Plaintiff's ability to receive and transmit radio communications within the terms of his federally granted amateur radio licenses as to constitute a denial of the use of his federal licenses.

## COUNT I: DECLARATORY RELIEF

41.

Plaintiffs reassert and reallege each of the preceding paragraphs 1 through 40 of their Complaint as though fully restated here.

42.

A real and justiciable controversy and conflict exists concerning the effect of Cobb Ordinance 134-273 on federally granted licenses and federally regulated airways.

43.

Cobb County seeks to deny Mr. Nesbitt the reasonable and effective use of his federally granted license.

44.

Cobb County has applied an incorrect legal standard to the facts of this dispute by requiring Plaintiffs to assume the burden of persuasion and accommodation when Federal law places those burdens on the governmental entity.

45.

On its face the County's ordinance conflicts with Federal law.

46.

As applied to the Nesbitts, the County's ordinance conflicts with Federal law.

47.

Any state or local law that conflicts with Federal law is invalid and a nullity pursuant to the Supremacy Clause of the United States Constitution.

## COUNT II: WRIT OF MANDAMUS

48.

Plaintiffs reassert and reallege each of the preceding paragraphs 1 through 40 of their Complaint as though fully restated here.

49.

The acts of the Board in denying the construction of the amateur radio antenna conflicted with and violated Federal law.

50.

The Board's actions constitute an abuse of discretion, as it possessed no valid authority to deny the construction and use of Plaintiffs' antennas.

51.

The Board's actions were arbitrary and capricious and based on a illegal grounds.

WHEREFORE, Plaintiffs pray for relief from the Court as follows:

1) For issuance of a summons and for service of the Complaint as provided by law;

2) For a judgment declaring §134-273 a nullity and void on its face in restricting amateur radio antenna construction within Cobb County because the ordinance violates the Telecommunications Act of 1934

as amended, 47 U.S.C. § 151 *et seq.*, and the regulations promulgated pursuant to the Act, 47 C.F.R. § 97.15;

3) For a judgment declaring §§ 134-37 and 134-273 void as applied to Plaintiffs because the application violates the Telecommunications Act of 1934 as amended, 47 U.S.C. § 151 *et seq.*, and the regulations promulgated pursuant to the Act, 47 C.F.R. § 97.15, since the application of the ordinances misplaces the burden of accommodation and was not the least restrictive means of accomplishing any legitimate governmental purpose, among other reasons;

4) For the Court to enjoin enforcement of the "Decision" of the Cobb County Board of Commissioners requiring the antenna be dismantled and taken down;

5) For the Court to issue a mandamus requiring the Cobb County Board of Commissioners to issue the Special Land Use Permit because the Board did not have the discretion to deny the application under its ordinance;

6) For trial by jury for all claims properly submitted to a jury; and

7) For such other and further relief as the Court deems appropriate under the circumstances.

This 20th day of March, 2013.

                                                THE BALCH LAW GROUP, P.C.

                                                By: _____
                                                   Christopher D. Balch
                                                   Georgia Bar No. 034015

THE BALCH LAW GROUP, P.C.
948 Boulevard SE
Atlanta, GA 30312
404/202-5934
678/228-1885 (fax)
chris@balchlawgroup.com

13